UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL NEWMAN individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>SL GREEN REALTY CORP AND SUMMIT OVA TENANT LLC,<br><br>                Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Joel Newman ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this class action complaint against SL Green Realty Corp and Summit OVA Tenant LLC (collectively "SUMMIT One" or "Defendants"). Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

## NATURE OF THE ACTION

1. Defendant has been charging online purchasers of SUMMIT One New York' tickets from its website at https://summitov.com, without properly disclosing fees prior to the consumer checking out, in violation of the New York Arts and Cultural Affairs Law § 25.07(4).

2. A consumer visiting the https://summitov.com website looking to purchase a ticket is quote a price that does not include any fees. However, when the user gets to the final page of the checkout process, a "Processing Fee" is added at checkout for a ticket. This "processing

charge" is only presented to the user after clicking through the various screens required to make a purchase.

3.  Only after the consumer selects a ticket option and passes multiple screens is the purchasers presented with the additional fees. Through Defendants' practices, Defendants can (and has) solicit considerable sums of additional fees from its customers.

4.  New York passed the Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." *See* Exhibit A. "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id.* (emphasis added).

5.  The Law further states that "[t]he price of the ticket shall not increase during the purchase process." *Id.*

6.  The Law additionally states that "every operator … of a place of entertainment … shall disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." *Id.* Defendants here have failed to follow this standard for conspicuous disclosure of their "processing fee."

> The law seeks to prevent the lack of transparency employed by businesses utilizing tactics like Defendants in this case.

7.  Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers from Defendants' website at https://summitov.com, purchasing SUMMIT One NY tickets, for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

**PARTIES**

8. Plaintiff Joel Newman is an individual consumer who, at all times material hereto, was a citizen and resident of New York. Plaintiff purchased an admission ticket to SUMMIT One in New York through Defendants' website at https://summitov.com.



As shown below, the transaction flow process Plaintiff experienced on Defendants' website was substantially similar to that depicted in *Figures 1 through 5* in this complaint.

9. Plaintiff initially visited Defendants' website at https://summitov.com and clicked on the "BUY TICKETS" button to start their purchase process. *See Figure 1.*

10. Plaintiff was then presented with three ticket experience options, which included various additional experiences and listing a price for each ticket level. *See Figure 1.*

11. After selecting their ticket option based on their desired experience, Plaintiff was presented with option to add or subtract the amount of tickets for their purchase, either "Adult" or "Youth" and to select the desired date of their visit. *See Figure 2.*

12. Plaintiff was then prompted to select a date and time associated with their selected ticket option. *See Figure 3.*

13. Finally, Plaintiff is taken to the checkout page where the "Total price" is finally given to the consumer which now includes a $3.00 in additional "Processing Fee." This final step is the first time that Defendant makes any mention of additional "Processing Fee" throughout their multi-step ticket purchasing process.

14. Defendant SL Green Realty Corp is a Maryland corporation with its principal place of business in New York, New York. Defendant owns and operates the One Vanderbilt in New York, New York.

15. Defendant Summit OVA Tenant LLC is a Delaware limited liability corporation.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members; the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs; and at least one Class member is a citizen of a state different from Defendants.

17. Defendants sold at least 100,000 tickets to its place of entertainment through its website during the applicable class period.

18. This Court has personal jurisdiction over Defendants because Defendants operate their business in the state of New York and sells tickets through its website. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are located in this District, and because Plaintiff purchased tickets to visit Defendants' place of entertainment in this District.

19. This Court has personal jurisdiction over Defendants because Defendants are incorporated in New York.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are incorporated in this District and Defendants conduct substantial business operations in this District.

## NEW YORK ARTS & CULTURAL AFFAIRS LAW

21. The New York enacted Arts & Cultural Affairs Law § 25.07(4) became effective on August 29, 2022, and provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. The Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase." *Id*. (emphasis added). § 25.07(4) further provides that "[t]he price of the ticket shall not increase during the purchase process." *Id*.

22. In connection with the Arts and Cultural Affairs Law § 25.07(4) becoming effective, the State of New York's Division of Licensing Services began to receive inquiries from ticketing websites questioning the scope of the law. The Division of Licensing Services provided

clarity, stating that "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices." See N.Y. Dep't of State, Div. Licens. Servs., Request for Additional Guidance – New York State Senate Bill S.9461, attached hereto as Exhibit A, at 1. "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should continue to be readily available to the purchaser." *Id.* at 2 (emphasis added)

## COMMON FACTUAL ALLEGATIONS

23. Plaintiff, and the class members he seeks to represent, were presented with the following purchasing experience: a visitor of Defendants' website at https://summitov.com, clicks on the "Buy Tickets" button, and is presented with a selection of three ticket options to purchase. *See Figure 1.*



Figure 1

24. After selecting an admission option, users are prompted to select either an "Adult" or "Youth" ticket, with the price being displayed next to each selection option. *See Figure 2*, next page.



Figure 2

25. Next, the consumer is prompted to select a date and time for the visit. *See Figure 3,*.



*Figure 3*

26. Next, the consumer is taken to the final checkout screen where the "Ticket Total" price is displayed. *See Figure 4*.



*Figure 4*

27.     It is only on this final screen that Plaintiff is presented a $3.00 added "Processing Fee." *Id.* This is the first time Defendants make any mention of additional "Fees" in the entire multi-step ticket purchase process.

28.     Moreover, the nature of the "Fee" as a "Processing Fee" is never presented to the customer unless the user manually goes back to their "Cart," where the "Fee is now shown as a processing fee. *See Figure 5*.



*Figure 5*

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of the following Class:

> All purchasers of tickets to the Summit One's New York location from Defendants' website.

30.     Specifically excluded from the Class are SUMMIT One, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by SUMMIT One, and their heirs,

successors, assigns, or other persons or entities related to or affiliated with SUMMIT One and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

31. Plaintiff reserves the right to amend the Class definition above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

32. This action may be certified as a class action under Federal Rule of Civil Procedure 23 because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

33. Numerosity (Rule 23(a)(1)): The Class is so numerous that joinder of all Class members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendants, Plaintiff estimates that the Class is comprised of hundreds of thousands, or more, Class members. The Class is sufficiently numerous to warrant certification. The exact number of Class Members is in the possession and control of Defendants.

34. Typicality of Claims (Rule 23(a)(3)): Plaintiff, like the other customers of SUMMIT One has been subjected to SUMMIT One's deceptive pricing disclosure practices. Plaintiff is a member of the Class and his claims are typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to that suffered by all other Class members that was caused by the same misconduct by Defendants.

35. Adequacy of Representation (Rule 23(a)(4)): Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in

conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

36. Superiority (Rule 23(b)(3)): A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class members is relatively small, the expense and burden of individual litigation make it impossible for individual Class members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendants will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

37. Predominant Common Questions (Rule 23(a)(2)): The claims of all Class members present common questions of law or fact, which predominate over any questions affecting only individual Class members, including:

a. Whether Defendants failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4);

b. Whether the displayed price of Defendants' tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and

c. Whether Defendants failed to disclose its service charge in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

38. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

39. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendants. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

40. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

41. Given that Defendants have not indicated any changes to its conduct, monetary damages are insufficient and there is no complete and adequate remedy at law.

## CAUSES OF ACTION

### COUNT I
### NEW YORK ARTS & CULTURAL AFFAIRS LAW § 25.07
**(On Behalf Of The Nationwide Class and New York Subclass)**

42. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-7 and 21-41 as if fully set forth herein.

43. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendants.

44. Defendants are "operator[s]… of a place of entertainment" under N.Y. Arts & Cult. Aff. Law § 25.03(6), because Defendants operate Summit One, which constitutes a "place of entertainment."

45. Under N.Y. Arts & Cult. Aff. Law § 25.03(6), a "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged."

46. Defendants, by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in *Figures 1 through 4* of this Complaint, have violated New York Arts & Cultural Affairs Law § 25.07(4)

47. Through increasing the total cost of its tickets during the purchase process, as depicted in *Figures 1 through* 5 of this Complaint, Defendant violated New York Arts & Cultural Affairs Law § 25.07(4)

48. Additionally, by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in *Figure 4* of this Complaint, Defendant further violated New York Arts & Cultural Affairs Law § 25.07(4)

49. Defendants' "processing fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

50. Plaintiff purchased tickets on Defendants' website and was forced to pay Defendants' service charge in order to secure his ticket. Plaintiff was harmed by paying this service charge, even though that total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

51. Plaintiff was also harmed by paying Defendants' service charge, even though it was not clearly and conspicuously disclosed on the final checkout page, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

52. Through this Complaint, Plaintiff, on behalf of himself and members of the Class, seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or fifty

dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order determining that this action is properly brought as a class action and certifying Plaintiffs as the representatives of Class and their counsel as Class Counsel;

(b) For an order declaring that the Defendants' conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For an order awarding compensatory and statutory damages in amounts to be determined;

(e) For an order awarding prejudgment interest;

(f) For an order of restitution and other available forms of equitable monetary relief;

(g) Entry of an order for injunctive relief as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 16, 2024

**MIZRAHI KROUB LLP**

By: */s/ Edward Y. Kroub*
Edward Y. Kroub (EK-4999)
225 Broadway, 39th Floor
New York, NY 10007
Telephone: 212-595-6200
Email: ekroub@mizrahikroub.com

*Counsel for Plaintiff*